UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

BAYMONT FRANCHISE SYSTEMS, INC.,
a Delaware Corporation,

        Plaintiff,

v.

MAA KRUPA, LLC, a Missouri Limited
Liability Company,

        Defendant.

Case No. 16-

Division:

## VERIFIED COMPLAINT

This is an action by plaintiff Baymont Franchise Systems, Inc. ("BFS") for trademark infringement and unfair competition against defendant, MAA Krupa, LLC ("MAA Krupa"), pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Missouri state law, as the result of MAA Krupa's unauthorized infringing use of BFS's service marks, which is likely to cause confusion in the marketplace regarding the source of guest lodging facility services.

### PARTIES, JURISDICTION AND VENUE

1. BFS is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey.

2. MAA Krupa, on information and belief, is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business at 200 Business Route 54 North, Eldon, Missouri 65026.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). MAA Krupa resides in and/or conducts business in this District. A substantial part of the events giving rise to this action occurred in this District, and the majority of the subject property is located herein.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Baymont® Marks

5. BFS is widely known as a provider of guest lodging facility services.

6. BFS owns and has the exclusive right to license the use of the service mark BAYMONT INN & SUITES and various related trade names, trademarks and service marks, logos, and derivations thereof (the "Baymont® Marks"), as well as the distinctive Baymont Inn & Suites® System business methods, to its franchisees to provide guest lodging services to the public in connection with the Baymont® name, including a centralized reservation system, advertising, publicity, and training services.

7. BFS or its predecessors first used the BAYMONT INN mark in 1998 and the Baymont® Marks are in full force and effect. Certain of the registered Baymont® Marks are incontestable pursuant to 15 U.S.C. § 1065.

8. BFS has registered the Baymont® Marks as service marks with the U.S. Patent and Trademark Office ("USPTO") and owns the following valid service mark registrations for the Baymont® Marks:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| BAYMONT INN & SUITES | 3997943 | 07/19/2011 |
| BAYMONT INN & SUITES | 3172962 | 11/21/2006 |
| BAYMONT INN & SUITES | 3226449 | 04/10/2007 |
| BAYMONT INN & SUITES | 3232172 | 04/24/2007 |
| BAYMONT INN & SUITES | 2399770 | 10/31/2000 |

2

| | | |
|---|---|---|
| BAYMONT INN | 2307473 | 01/11/2000 |
| BAYMONT INN & SUITES | 2309146 | 01/18/2000 |
| BAYMONT INN | 2286567 | 10/12/1999 |

9. The USPTO registrations for the Baymont® Marks are valid, subsisting and in full force and effect and appear on the Principal Trademark Register of the USPTO. The federal registrations for the Baymont® Marks constitute prima facie evidence of the validity of the Baymont® Marks and BFS's ownership of the Baymont® Marks and the exclusive right to use the marks nationwide.

10. All but Registration No. 3997943 of the federal registrations for the Baymont® Marks have achieved incontestable status pursuant to the Lanham Act, 15 U.S.C. § 1065. Such incontestable registrations constitute conclusive evidence of the validity of the Baymont® Marks and BFS's ownership of the Baymont® Marks and the exclusive right to the use the marks nationwide.

11. BFS has made, over the course of many years, and continues to make, extensive use of the Baymont® Marks. It has advertised, marketed and provided services in connection with the Baymont® Marks to such an extent that consumers know and recognize the Baymont® Marks and associate them with BFS and the high-value lodging facilities and services it provides to consumers.

12. Through its franchise system, BFS markets, promotes, and provides services to its guest lodging franchisees throughout the United States. In order to identify the origin of their guest lodging services, BFS allows its franchisees to utilize the Baymont® Marks and to promote the Baymont® brand name.

13. BFS has invested substantial effort over a long period of time, including the expenditure of substantial sums of money, to develop goodwill in its trade names and service marks to cause consumers throughout the United States to recognize the Baymont® Marks as distinctly designating Baymont® brand guest lodging services as originating with BFS.

14. The value of the goodwill developed in the Baymont® Marks does not admit of precise monetary calculation, but because BFS is a national guest lodging facility franchise system and is widely known as a provider of guest lodging facility services, the value of BFS's goodwill is substantial.

15. The Baymont® Marks are famous in the United States and became famous prior to the relevant conduct alleged herein.

## Factual Allegations

16. Upon information and belief, MAA Krupa is the owner of a guest lodging facility located at 200 Business Route 54 North, Eldon, Missouri 65026 (the "Facility").

17. Since obtaining possession of the Facility, MAA Krupa has engaged in the unauthorized use of the Baymont® Marks in order to induce the traveling public to rent guest rooms at the Facility.

18. MAA Krupa has used the Baymont® Marks without authorization to rent rooms through, among other things, utilization of signage that includes similar trade dress, color schemes, font, and architectural features at the Facility, on nearby highways, and in the Facility's public areas, all within view of the traveling public.

19. By letter dated September 24, 2015, a true copy of which is attached as Exhibit A, BFS advised MAA Krupa that it was to immediately cease and desist from using the Baymont® Marks.

20. Despite this notice, MAA Krupa has continued to misuse the Baymont® Marks, including use of signage that includes similar trade dress, color schemes, font, and architectural features, at the Facility.

## FIRST COUNT
### Service Mark Infringement under the Lanham Act (15 U.S.C. § 1114)

21. BFS incorporates by reference the allegations in the preceding paragraphs of the Verified Complaint.

22. BFS is the owner of the Baymont® Marks that are the subjects of the registrations described in Paragraph 8 of this Complaint.

23. BFS uses the Baymont® Marks in commerce in connection with the offering for guest lodging services and related services.

24. BFS's Baymont® Marks are prima facie valid and BFS's rights in certain of the Baymont® Marks are incontestable.

25. MAA Krupa has used and continues to use service marks in interstate commerce for its guest lodging services, which marks are confusingly similar to BFS's Baymont® Marks, including its trade dress, color schemes, font, and architectural features, without BFS's consent.

26. MAA Krupa's actions are likely to cause, have caused and will continue to cause confusion, mistake and deception in the minds of customers as to the source or origin of MAA Krupa's services.

27. MAA Krupa's conduct described herein constitutes service mark infringement under 15 U.S.C. § 1114.

28. Upon information and belief, MAA Krupa acted with full knowledge that its actions were intended to be used to cause confusion, mistake, and to deceive consumers, which constitutes a willful violation of 15 U.S.C. § 1114.

29. On information and belief, MAA Krupa had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

## SECOND COUNT
## False Designation of Origin under the Lanham Act (15 U.S.C. § 1125)

30. BFS incorporates by reference the allegations in the preceding paragraphs of the Verified Complaint.

31. MAA Krupa has used and continues to use marks confusingly similar to BFS's Baymont® Marks, including its trade dress, color schemes, font, and architectural features, without BFS's consent.

32. MAA Krupa's use of the Baymont® Marks, including its trade dress, color schemes, font, and architectural features at the Facility, has caused and is likely to continue to cause confusion or mistake, or to deceive consumers and potential consumers, the public and the trade who recognize and associate BFS with the Baymont® Marks and are likely to believe that there is an affiliation, connection, or association between the MAA Krupa and BFS when there is no such affiliation, connection or association, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

33. On information and belief, MAA Krupa had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

34. MAA Krupa's activities constitute false designation of origin with the meaning of 15 U.S.C. § 1125(a).

35. BFS has been injured by MAA Krupa's false and misleading advertising in violation of 15 U.S.C. § 1125(a).

6

36. Upon information and belief, MAA Krupa acted willfully, with full knowledge of BFS's rights in the Baymont® Marks, and those acts constitute a willful violation of 15 U.S.C. § 1125(a).

## THIRD COUNT
## Counterfeit of Registered Mark under the Lanham Act (15 U.S.C. § 1114(1)(a)

37. BFS incorporates by reference the allegations in the proceeding paragraphs of the Complaint.

38. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

39. The Lanham Act, 15 U.S.C. § 1116(d)(1)(B)(i), defines a counterfeit mark as "a mark that is registered on the Principal Register in the United States Patent and Trademark Office for such goods and services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered."

40. MAA Krupa marketed, promoted, and rented, and continues to market, promote, and rent rooms at the Facility through the use of counterfeit Baymont® Marks, and such use caused and is likely to continue to cause confusion or mistake among prospective or actual customers, in violation of Section 32 of the Lanham Act.

41. The acts of MAA Krupa in marketing, promoting, and renting rooms at the Facility through and with the counterfeit Baymont® Marks were intentional.

42. MAA Krupa intentionally used the counterfeit Baymont® Marks in marketing, promoting, and renting rooms at the Facility with knowledge that the marks were counterfeit.

43. MAA Krupa's on-going use of counterfeit Baymont® Marks in violation of Section 32 of the Lanham Act is intentional, malicious, fraudulent, willful, and deliberate.

44. MAA Krupa's on-going use of counterfeit Baymont® Marks in violation of Section 32 of the Lanham Act has inflicted and continues to inflict irreparable harm on BFS.

45. BFS has no adequate remedy at law.

46. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

## FOURTH COUNT
### Trademark Infringement under Missouri Law

47. BFS incorporates by reference the allegations in the proceeding paragraphs of the Verified Complaint.

48. MAA Krupa has used confusingly similar service marks in connection with the sale or offering of its guest lodging services that are likely to cause confusion as to the source or origin of the services.

49. MAA Krupa imitated BFS's Baymont® Marks, including its trade dress, color schemes, font, and architectural features, by using them in connection with its guest lodging services.

50. Upon information and belief, MAA Krupa knowingly acted with the intent to cause confusion between its services and BFS's services in violation of Vernon's Annotated Missouri Statutes § 417.056.

8

51. MAA Krupa's actions have injured BFS by misappropriating its business and/or impairing the goodwill associated with BFS's business conducted under the Baymont® Marks.

52. Upon information and belief, MAA Krupa intends to continue its infringing actions unless restrained by this Court.

## FIFTH COUNT
### Unfair Competition under Missouri Law

53. BFS incorporates by reference the allegations in the preceding paragraphs of the Verified Complaint.

54. MAA Krupa has unfairly profited by using the Baymont® Marks and marks confusingly similar to the Baymont® Marks to promote their own services by including the Baymont® Marks, including its trade dress, color schemes, font, and architectural features, on signage and other indicators of commercial source without BFS's authorization.

55. MAA Krupa has been unjustly enriched and BFS has suffered damages from MAA Krupa's violations of Missouri statutory and common laws.

56. Upon information and belief, MAA Krupa has made and will continue to make substantial profits and gains to which it is not entitled at law or in equity as a result of its infringing conduct.

57. MAA Krupa's conduct described herein constitutes unfair competition under the common law of the State of Missouri.

58. BFS has been damaged as a result of the actions of MAA Krupa in violation of Missouri law.

# PRAYER FOR RELIEF

**WHEREFORE,** BFS respectfully requests that this Court enter the following legal and equitable relief in favor of BFS and against MAA Krupa as a result of its infringing conduct and its unfair competition practices:

A.     A Judgment declaring that:

       (1)     MAA Krupa has intentionally infringed the Baymont® Marks in violation of the Lanham Act and Missouri law;

       (2)     MAA Krupa's actions have caused and will continue to cause confusion in the marketplace and constitute false designation of origin and unfair competition in violation of the Lanham Act and Missouri law;

B.     Entering a preliminary and permanent injunction enjoining and restraining MAA Krupa and its affiliated and/or parent companies and their officers, agents, servants and other employees from using in commerce or in connection with any goods or services any mark, name or design that creates a likelihood of confusion with the Baymont® Marks and from engaging in any other acts of unfair competition and in engaging in false designation of origin;

C.     Awarding BFS all direct damages, indirect damages, consequential damages (including lost profits), special damages, costs, fees and expenses incurred by reason of MAA Krupa's trademark infringement, unfair competition, and false advertising.

D.     Awarding BFS treble damages sustained as a result of the MAA Krupa's unlawful conduct, pursuant to 15 U.S.C. § 1117(a);

E.     Awarding BFS statutory damages in the amount of $2,000,000 as a result of MAA Krupa's willful conduct, pursuant to 15 U.S.C. § 1117(c);

F. Ordering an accounting by MAA Krupa to BFS for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility.

G. Awarding actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

H. Declaring that BFS, or its authorized agent, has the right, without prior notice to MAA Krupa, to enter the property at the Facility and remove any and all exterior signage, exterior items and other exterior materials displaying the Baymont® Marks.

I. Awarding BFS the maximum punitive damages available under Missouri law.

J. Awarding BFS pre-judgment interest on any money awarded and made part of the judgment.

K. Awarding BFS its actual costs and attorneys' fees incurred in bringing this action pursuant to 15 U.S.C. §§ 1117(a) and 1125(c); and

H. Granting such other relief as the Court deems reasonable and just.

Respectfully submitted,

**Goldberg Segalla LLP**

s/Kurtis B. Reeg
Kurtis B. Reeg, Esq.
Missouri Bar No. 27684
8000 Maryland Avenue
Suite 640
St. Louis, Missouri
Telephone No: (314) 446-3351
Facsimile No.: (314) 446-3360
kreeg@goldbergsegalla.com

# VERIFICATION

STATE OF NEW JERSEY    )
                       ) ss:
COUNTY OF MORRIS       )

Suzanne Fenimore, of full age, being duly sworn according to law, upon her oath, deposes and says:

I am Senior Director of Contracts Compliance for Baymont Franchise Systems, Inc. ("BFS"), which is plaintiff in this action.

I have read the foregoing Verified Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Verified Complaint are true based on my personal knowledge, the records of BFS and/or information available through employees of BFS.

_____
SUZANNE FENIMORE

Sworn and subscribed to before me
this 7th day of January, 2016

_____
NOTARY PUBLIC

CINDY J. O'CONNOR
Notary Public
State of New Jersey
My Commission Expires Feb. 13, 2020

12